**FILED**

OCT - 5 2005

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD EUGENE JOHNSON, | No. C 04-0361 CRB (PR) |
| Petitioner, | No. C 04-0362 CRB (PR) |
| v. | ORDER DENYING CONSOLIDATED PETITIONS FOR A WRIT OF HABEAS CORPUS |
| SCOTT KERNAN, Acting Warden, | |
| Respondent. | |

Petitioner, a state prisoner at Mule Creek State Prison in Ione, California, seeks a writ of habeas corpus under 28 U.S.C. § 2254 claiming unconstitutional deprivation of pre-sentence custody credits. For the reasons set forth below, his consolidated petitions for a writ of habeas corpus are denied.

**BACKGROUND**

On August 20, 1996, petitioner was arrested and charged with two counts of robbery (Case No. H24496). On or about September 23, 1996, while still in custody, he was "arrested" and charged with one count of murder and one count of robbery (Case No. 130929B). And on or about January 25, 1999, again while still in custody, he was "arrested" and charged with one count of attempted robbery (Case No. 134858).

On February 26, 1999, petitioner entered pleas of guilty to both robbery counts in case number H24496; to voluntary manslaughter as a lesser-included offense of murder, and to the robbery count, in case number 130929B; and to the attempted robbery count in case number 134858.

On February 18, 2000, petitioner was sentenced consecutively on all counts to 18 years and eight months in state prison. The trial court noted that petitioner had been in continuous custody since the time of his initial arrest on August 30, 1996 and awarded him 1436 days of pre-sentence custody credit. No direct appeal was taken.

On March 1, 2000, petitioner began seeking habeas relief from the state courts claiming deprivation of all pre-sentence custody credits he is entitled to receive under California law. On September 24, 2003, the Supreme Court of California denied his final state habeas petition. The instant consolidated federal petitions for a writ of habeas corpus under 28 U.S.C. § 2254 followed.

Per orders filed on May 13, 2004, the court found that the petitions appeared to state colorable claims for relief under § 2254, when liberally construed, and ordered respondent to show cause why a writ of habeas corpus should not be granted. After unsuccessfully moving to dismiss the petitions as untimely, respondent has not filed an answer and petitioner has filed a traverse.

## LEGAL STANDARD

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal writ of habeas corpus may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable

2

facts. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Courts's decisions but unreasonably applies theat principle to the facts of the prisoner's case. Id. at 413.

"[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. Id. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003). While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court precedent, only the Supreme Court's holdings are binding on the state courts and only those holdings need be "reasonably" applied. Id.

A deprivation of time credits allegedly impacting a prisoner's state sentence may generally be remedied only by way of a petition for a writ of habeas corpus under § 2254. See Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1989); Toussaint v. McCarthy, 801 F.2d 1080, 1096 n.14 (9th Cir. 1986).

**DISCUSSION**

Petitioner claims that the state trial court denied him due process when it erroneously only awarded pre-sentencing custody credit towards the aggregate consecutive sentences. He argues that he is entitled to separate pre-sentencing custody credit for each individual conviction, with the amount of pre-sentencing custody credit being computed from the date of arrest in each case until the date he was sentenced. For example, in addition to the credits already received, petitioner demands additional credits for his "arrests" on September 23, 1996 (Case No. 130929B) and January 25, 1999 (Case No. 134858). Petitioner asserts that he is entitled to custody credits commencing from the time of the subsequent "arrests" (1) on September 23, 1996 to February 18, 2000, and (2) on January

3

1  25, 1999 to February 18, 2000. The claim is without merit.

2  California Penal Code section 2900.5 provides that in all felony and misdemeanor
3  convictions, either by plea or by verdict, when the defendant has been in custody, including time
4  spent in jail, "all days of custody of the defendant . . . shall be credited upon his or her term of
5  imprisonment." Cal. Penal Code § 2900.5(a). A significant limitation on the credits available is
6  found in subsection (b), however, which provides that "credit shall be given only where the custody
7  to be credited is attributable to proceedings related to the same conduct for which the defendant has
8  been convicted. Credit shall be given only once for a single period of custody attributable to
9  multiple offenses for which a consecutive sentence is imposed." Id. § 2900.5(b).

10 A defendant cannot obtain credit for custody prior to his conviction unless he proves that but
11 for the conduct which led to the sentence against which he seeks credit, he would not have been
12 subjected to pre-sentence confinement. See People v. Bruner, 9 Cal. 4th 1178, 1193-95 (1995).
13 "[W]here a period of pre-sentence custody stems from multiple, unrelated incidents of misconduct,
14 such custody may not be credited against a subsequent formal term of incarceration if the prisoner
15 has not shown that the conduct which underlies the term to be credited was also a 'but for' cause of
16 the earlier restraint." Id. at 1193-94.

17 The denial of pre-sentence custody credit under section 2900.5 may constitute denial of a
18 state-created liberty interest that is protected by the Due Process Clause. However, California has
19 not created a liberty interest in credit for any period of pre-sentence custody for which a defendant
20 cannot show "that he could have been free" during the time period in question "'but for the same
21 conduct that led to the instant conviction and sentence.'" Robinson v. Marshall, 66 F.3d 249, 250
22 (9th Cir. 1995) (quoting Bruner, 9 Cal. 4th at 1195).

23 Limiting credit for time served on account of the offense or conduct involved is not patently
24 arbitrary. Nor is refusing to count time which is being served on account of an entirely different
25 offense. See id. at 250-51.

26 Applying the above principles to petitioner's case, it cannot be said that the California courts'
27 rejection of petitioner's claim of entitlement to additional pre-sentence credits was objectively
28 unreasonable. See 28 U.S.C. § 2254(d). Although petitioner insists that he is entitled to pre-

4

sentence credit for each case that contributed to his consecutive sentences, he offers no evidence showing that he could have been free but for the two arrests and charges (cases number 130929B and 134858) after his initial arrest and charges in case number H24492 on August 20, 1996. See Robinson, 66 F.3d at 250-51; see also People v. Adrian, 191 Cal. App. 3d 868, 876-77(1987) (where consecutive sentences are imposed in a single proceeding, section 2900.5 mandates taht only one set of credits be given). Petitioner is not entitled to federal habeas relief on his claim of deprivation of pre-sentencing custody credits. See 28 U.S.C. § 2254(d).

## CONCLUSION

For the above stated reasons, the consolidated petitions for a writ of habeas corpus are DENIED. The clerk is instructed to enter judgment in favor of respondent and close the files.

SO ORDERED.

DATED: Oct. 05, 2005

CHARLES R. BREYER, United States District Judge

# UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

Johnson,

        Plaintiff,

v.

Kernan et al,

        Defendant.
_____/

Case Number: CV04-00361 CRB

CV04-00362 CRB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 6, 2005, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Glenn R. Pruden
Attorney General's Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102

Howard Eugene Johnson P-71918
Mule Creek State Prison
P.O. Box 409000
Ione, CA 95640-9000

Dated: October 6, 2005

                                      Richard W. Wieking, Clerk
                                      By: Barbara Espinoza, Deputy Clerk